```
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
       FILED
     APR - 7 1992
   PATRICIA D. HOWARD
   CLERK OF THE PANEL
```

## DOCKET NO. 920

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE PANTOPAQUE PRODUCTS LIABILITY LITIGATION

*Daryl Abbent, et al. v. Eastman Kodak Co., et al.*, D. New Jersey, C.A. No. 90-3436(HAA)
*Marian K. Lowe, et al. v. Eastman Kodak Co., et al.*, D. Maryland, C.A. No. B-91-3246

### BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN,* MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR.,* AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of two actions, one action each in the District of New Jersey and the District of Maryland. Before the Panel is a motion by the Maryland plaintiffs to transfer, under 28 U.S.C. §1407, the Maryland action to the District of New Jersey for coordinated or consolidated pretrial proceedings with the action pending there. Defendants oppose the motion.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the District of New Jersey will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact concerning whether Pantopaque, a contrast dye used in myelogram diagnostic procedures, causes arachnoiditis and, if so, whether this propensity was adequately disclosed to treating physicians and/or their patients. Centralization under Section 1407 is desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of New Jersey is the appropriate transferee forum for this docket. We note that the first-filed and most advanced action is pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed above and pending in the District of Maryland be, and the same hereby is, transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Harold A. Ackerman for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

_____
John F. Nangle
Chairman

---

* Judge Dillin recused himself and took no part in the decision of this matter. Judge Merhige also took no part in the decision of this matter.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB - 3 1993

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 920

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE PANTOPAQUE PRODUCTS LIABILITY LITIGATION

*The Estate of Bradford Fraize, et al. v. New England Medical Center Hospitals, Inc., et al.*, D. Massachusetts, C.A. No. 92-11713-S

**BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK,\* ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY, AND BAREFOOT SANDERS, JUDGES OF THE PANEL**

### TRANSFER ORDER AND SEPARATION AND REMAND OF CERTAIN CLAIMS

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by the medical defendants, New England Medical Center Hospitals, Inc. (New England) and Arthur Thibodeau (Thibodeau), in the above-captioned action (*Fraize*) to vacate the Panel's order conditionally transferring *Fraize* to the District of New Jersey for inclusion in the centralized pretrial proceedings occurring there in this docket. Alternatively, these defendants ask the Panel to sever the medical malpractice claims against them and simultaneously remand these claims to the District of Massachusetts. No party has responded to this motion.

On the basis of the papers filed and the hearing held, the Panel is persuaded that transfer of the pantopaque product liability claims in *Fraize* to the District of New Jersey for inclusion in the coordinated or consolidated pretrial proceedings occurring there would serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We are also persuaded, however, that in light of the referral of the medical malpractice claims by the Massachusetts court to a state medical malpractice tribunal, these claims should remain in the District of Massachusetts. Section 1407(a) authorizes the Panel to "separate any claim" from a transferred action and to remand that claim to its transferor district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *The Estate of Bradford Fraize, et al. v. New England Medical Center Hospitals, Inc., et al.*, D. Massachusetts, C.A. No. 92-11713-S, be, and the same hereby is, transferred to the District of

---

\* Judge Pollack took no part in the decision of this matter.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DOCKET NO. 920                    JUN -5 96

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PANTOPAQUE PRODUCTS LIABILITY LITIGATION

*Lewis E. Cooke v. Alcon Laboratories, Inc., et al.,*
   M.D. Florida, C.A. No. 8:96-287

BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER,* JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiff in the above-captioned action (*Cooke*) to vacate the Panel's order conditionally transferring *Cooke* to the District of New Jersey for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge John C. Lifland. All defendants favor inclusion of *Cooke* in Section 1407 proceedings.

On the basis of the papers filed and the hearing held, the Panel finds that *Cooke* involves common questions of fact with the actions in this litigation previously centralized in the District of New Jersey, and that transfer of *Cooke* to the District of New Jersey for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, *Lewis E. Cooke v. Alcon Laboratories, Inc., et al.,* M.D. Florida, C.A. No. 8:96-287, be, and the same hereby is, transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable John C. Lifland for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

*[signature]*
John F. Nangle
Chairman

---

*   Judge Brimmer took no part in the decision of this matter.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 920

JAN 29 97

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PANTOPAQUE PRODUCTS LIABILITY LITIGATION

*Linda Smith, et al. v. Eastman Kodak Co., et al.*
D. Maine, C.A. No. 2:96-262

**BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER,\* JOHN F. GRADY, BAREFOOT SANDERS\* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL**

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiff in the above-captioned action (*Smith*) to vacate the Panel's order conditionally transferring *Smith* to the District of New Jersey for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge John C. Lifland. All defendants favor inclusion of *Smith* in Section 1407 proceedings.

On the basis of the papers filed,[1] the Panel finds that *Smith* involves common questions of fact with the actions in this litigation previously centralized in the District of New Jersey, and that transfer of *Smith* to the District of New Jersey for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, *Linda Smith, et al. v. Eastman Kodak Co., et al.*, D. Maine, C.A. No. 2:96-262, be, and the same hereby is, transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable John C. Lifland for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

*John F. Nangle*
John F. Nangle
Chairman

---

\*    Judges Brimmer and Sanders took no part in the decision of this matter.

[1]   The parties waived oral argument and accordingly the question of transfer of *Smith* was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).